## 47743. FISHER v. WOMACK.

EBERHARDT, Presiding Judge. Linda Fisher brought suit against Frank Womack for damages allegedly resulting from an automobile collision, and American Southern Insurance Company, which apparently is plaintiff's uninsured motorist carrier, was served with

the complaint and summons "as if it were a defendant." Code Ann. § 56-407.1 (d). The company, "prior to pleading," moved to dismiss the complaint and to quash service as to it. It then answered in its own name, making various defenses seeking to escape uninsured motorist coverage; pled to the merits; and asserted a cross claim against Womack. Plaintiff moved to strike the uninsured motorist coverage defenses of the company's answer and moved for separate trial of the cross claim. The trial court granted "the motion to dismiss the complaint against movant [company], if there is such complaint," and dismissed the answer, including the cross claim, in its entirety, as being premature and out of place in the present action. Plaintiff appeals. *Held:*

1. As best we understand it, it is plaintiff's contention that the company became a party defendant under Code Ann. § 56-407.1 (d) by filing an answer in its own name, and the trial court improperly eliminated it from the case completely and deprived plaintiff of a proper party defendant. Code Ann. § 56-407.1 (d) authorized the insurer here to elect to file pleadings and take other action allowable by law in either the defendant's name or its own name. The trial court apparently construed the company's motion to dismiss, filed "prior to pleading," as a challenge to its status as a possible party defendant, and apparently concluded that the company had elected not to participate in the proceedings and was not a party defendant. We can find no error in these rulings.

2. The company's motion to quash service as to it was not ruled upon below, and there is nothing here for review in that regard.

*Judgment affirmed. Stolz, J., concurs. Pannell, J., concurs in the judgment.*

Submitted January 11, 1973 — Decided February 2, 1973.

*Cook & Palmour, A. Cecil Palmour,* for appellant.
*Mundy, Gammage & Cummings, William W. Mundy,* for appellee.