48569. CASH v. BALBOA INSURANCE COMPANY  et al.

DEEN, Judge. Where, as here, contentions are made that demand has been made for payment, payment refused and that refusal

has been made in bad faith, does the provision of Ga. Laws 1971, p. 926, as amended by Ga. Laws 1973, p. 487 (the latter only changing subsection "h" to subsection "j") adding subsection (j) to Code § 56-407A, now eliminate the requirement that a judgment be first obtained against the uninsured motorist as a condition precedent to an action against the insurance carrier? We must answer in the negative. "It is a condition precedent to an action against an automobile liability insurance carrier to recover under the provisions of Code § 56-407A on account of injuries and damages to the plaintiff resulting from the negligence of a known uninsured motorist, that suit shall have been brought and judgment recovered against the uninsured motorist." *State Farm Mutual Automobile Ins. Co. v. Girtman,* 113 Ga. App. 54 (147 SE2d 364). We have adhered to this in *Turner v. Associated Indem. Corp.,* 113 Ga. App. 225 (147 SE2d 788); *Gulf American Fire &c. Co. v. McNeal,* 115 Ga. App. 286, 293 (154 SE2d 411); *King v. State Farm Mutual Auto. Ins. Co.,* 117 Ga. App. 192 (160 SE2d 230); *Doe v. Moss,* 120 Ga. App. 762, 767 (172 SE2d 321).

Appellant advances persuasively the argument that Code Ann. § 56-1206 would already permit a bad faith claim against the insurance company so that by virtue of the passage of the 1971 amendment, there must be created new rights now permitting the assertion of a claim in the first instance against the insurer in uninsured motorist cases. "In any case herein where service upon an insurance company is prescribed, the clerk of the court in which the action is brought shall have same accomplished by issuing a duplicate original copy for the sheriff or marshal to place his return of service in the same form and manner as prescribed by law for a party defendant. The return of service upon the insurance company shall in no case appear upon the original pleadings in such case." Ga. L. 1967, pp. 463, 464. It would appear that this provision provides the opportunity for the case against the uninsured motorist to be first tried without the appearance of issues of insurance. Ga. L. 1972, pp. 882, 883 reasserts the insurer's right to defend in the name of the uninsured motorist. Subsection (d), which governs the rights of the insurance company, clearly states that the insurance company has the right to appear and defend in the name of the uninsured motorist. In *Fisher v. Womack,* 128 Ga. App. 62 (195 SE2d 753) plaintiff's uninsured motorist carrier was dismissed as a party defendant as being premature and out of place in that

case. Also see *Veal v. General Accident &c. Corp., Ltd.,* 128 Ga. App. 610 (197 SE2d 410), and compare *Mitchell v. City of Newnan,* 125 Ga. App. 761, 762 (188 SE2d 917).

The trial court did not err in granting motions to dismiss of Balboa Insurance Company and Cotton States Insurance Company.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

Argued September 12, 1973 — Decided October 4, 1973 — Rehearing denied October 24, 1973 —

*Telford, Stewart & Stephens, J. Douglas Stewart,* for appellant. *Whelchel, Dunlap & Gignilliat, Weymon M. Forrester, Robinson, Buice, Harben & Strickland, B. Carl Buice,* for appellees.