## 51417, 51418. ST. PAUL FIRE & MARINE INSURANCE COMPANY v. GOZA et al.; and vice versa.

CLARK, Judge.

The principal question presented for determination in this uninsured motorist case is whether an "umbrella policy" insurer is entitled to reduce the amount of its

---

[1]Except, subsequent to July 1, 1975, in commercial transactions. Code § 67-717, not applicable here.

uninsured motorist coverage by virtue of an "other insurance" provision. We answer this inquiry in the negative.

Sitting without a jury, the trial court decided these two companion cases upon stipulated facts:

On November 20, 1970, plaintiff Susan Goza was injured in an automobile collision involving an uninsured motorist. Thereafter, Susan Goza and her husband, plaintiff George M. Goza, sued the uninsured motorist in federal district court obtaining judgments in the amounts of $35,000 and $10,000 respectively.

At the time of the collision plaintiffs Goza carried two insurance policies which afforded uninsured motorist coverage. One policy, issued by Aetna Life & Casualty Company, provided $10,000 uninsured motorist protection. The other policy was an umbrella policy issued by the defendant, St. Paul Fire & Marine Insurance Company. This latter policy is the basis of the instant suits.

We quote from the St. Paul policy as to the uninsured motorist provision as follows: "The Company agrees to pay all sums up to $25,000.00 less the amount of the maximum retained limit which the Insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile or an under-insured automobile provided: (I) The Company's liability hereunder shall be only in excess of the retained limit, and (II) Coverage hereunder for loss involving such uninsured or underinsured automobile shall apply only in accordance with the terms and conditions of underlying uninsured motorist's insurance afforded to the Insured at the time of loss, or in the absence thereof, uninsured motorist's insurance afforded to the Insured as of the effective date of this Policy."

This coverage was subject to the following limitation: "[T]he Company's liability shall be only for loss in excess of the 'underlying limits' defined as the greater of: (I) the total amount of insurance collectible by or payable to the Insured under other Uninsured Motorists, Under-insured Motorists or Automobile Liability insurance; or (II) the minimum amount specified by the financial responsibility laws of the state in which the accident shall

occur; and then up to an amount not exceeding the amount stated in Item 4 (b) [$25,000] of the Declarations as the result of any one accident, provided, such liability shall be reduced by the amount of the 'underlying limits.' "

After plaintiffs obtained the federal court judgments against the uninsured motorist, Aetna Life & Casualty paid plaintiffs $10,000 in accordance with the terms of the Aetna policy. Defendant St. Paul contended that pursuant to the conditions of its umbrella policy, the amount of uninsured motorist coverage ($25,000) was reduced by the sum plaintiffs received from Aetna. Thus, defendant asserted that plaintiffs were entitled to receive only $15,000 from St. Paul under the quoted policy provisions.

Plaintiffs accepted the amount of $15,000 from defendant without prejudice to their right to contest the amount claimed by them. Thereafter, plaintiffs made demand upon defendant to pay the remaining amount of $10,000. Defendant refused. Consequently, plaintiffs brought these suits against defendant St. Paul to recover the amount demanded as well as statutory bad faith damages and attorney fees.

The trial court determined that plaintiffs were entitled to recover the disputed $10,000; but that plaintiffs were not entitled to recover bad faith penalty and attorney fees. Judgment was entered accordingly. From these adverse rulings, both parties have taken these appeals.

1. In pertinent part, our Uninsured Motorist Act provides that "No automobile liability policy or motor vehicle liability policy shall be issued or delivered in this State to the owner of such vehicle, or shall be issued or delivered by any insurer licensed in this State, upon any motor vehicle then principally garaged or principally used in this State, unless it contains an indorsement or provisions undertaking to pay the insured *all sums which he shall be legally entitled to recover as damages* from the owner or operator of an uninsured motor vehicle," except where such coverage has been rejected by the insured. Code Ann. § 56-407.1(a).(Emphasis supplied.)

"The plain mandate of the statute is to provide

payment for 'all sums' which the insured is 'legally entitled to recover as damages' from the 'uninsured motorist.' The statute is designed to protect the insured as to his actual loss, within the limits of the policy or policies of which he is the beneficiary." *State Farm &c. Ins. Co. v. Murphy,* 226 Ga. 710, 713 (177 SE2d 257). Thus, where an "other insurance" policy provision attempts to limit coverage to sums which are in excess of other uninsured motorist protection, it conflicts with the plain terms of the statute, and is of no effect. *State Farm &c. Ins. Co. v. Murphy,* supra; *Travelers Indem. Co. v. Williams,* 119 Ga. App. 414 (167 SE2d 174); see *Woods v. State Farm &c. Ins. Co.,* 234 Ga. 782 (218 SE2d 65); *State Farm &c. Ins. Co. v. Barnard,* 115 Ga. App. 857 (156 SE2d 148); *State Farm &c. Ins. Co. v. Harper,* 125 Ga. App. 696 (188 SE2d 813). See also Anno., 28 ALR3d 551, 559.

Inasmuch as the insurance provision in question seeks to limit the uninsured motorist coverage to sums in excess of other protection, it is illegal and void. Accordingly, plaintiffs are entitled to recover for their actual loss within the *full* limits of the policy.

Defendant argues that since an umbrella policy is designed to provide coverage in excess of other protection, the policy's "other insurance" provision is not in conflict with our insurance code. Recognizing this novel argument, we nevertheless conclude that the policy's limitation of liability must fail. Our statute states in plain language that every policy issued or delivered in this state shall undertake to pay the insured all sums which he is legally entitled to recover from the owner or operator of an uninsured motor vehicle. There are no exceptions or qualifications to this statutory requirement.

The trial court did not err in holding that plaintiffs are entitled to recover the remaining $10,000.

2. "As to the recovery of penalties, damages, and attorney's fees: 'Refusal to pay in bad faith means a frivolous and unfounded denial of liability. If there is any reasonable ground for the insurer to contest the claim, there is no bad faith. . .' *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 316 (127 SE2d 454). Where questions of law as to the proper construction of an insurance policy provision have not been decided by the courts of Georgia and are not

of easy solution, then a finding of damages for bad faith and attorney's fees is not authorized. [Cits.]" *State Farm &c. Ins. Co. v. Harper,* 125 Ga. App. 696, 701, supra. Since our appellate courts have not heretofore considered the propriety of an "umbrella policy" vis-a-vis the uninsured motorist statute, we cannot say defendant's refusal to pay the amount demanded constituted bad faith.

The trial court did not err in holding that plaintiffs were not entitled to recover bad faith penalty and attorney fees.

*Judgment affirmed on both appeals. Pannell, P. J., and Quillian, J., concur.*

ARGUED NOVEMBER 4, 1975 — DECIDED JANUARY 14, 1976 — REHEARING DENIED FEBRUARY 13, 1976 IN CASE NO. 51417.

*A. Ed Lane, Robert J. NeSmith,* for appellant.

*Heyman & Sizemore, William H. Major, Robert A. Bartlett,* for appellees.