### 65543. ALLSTATE INSURANCE COMPANY v. McCALL.

SOGNIER, Judge.

Armatha McCall was involved in an automobile collision with an uninsured motorist and filed suit against the uninsured motorist. McCall's insurance carrier, Allstate Insurance Company, defended the suit on behalf of the uninsured motorist. McCall demanded the sum of $9,000 from Allstate for injuries sustained in the collision. Allstate rejected the demand and made a counteroffer of $5,000. Thereafter, the case against the uninsured motorist went to trial and resulted in a verdict in favor of McCall for $55,000. Following the verdict, Allstate tendered $10,000 to McCall, the amount of the uninsured motorist protection in the policy, a release, and a satisfaction of judgment. McCall rejected the tender and filed the instant suit alleging bad faith in Allstate's failure to settle the claim prior to suit. McCall's alleged damages included statutory damages under OCGA §§ 33-7-11 and 33-4-6 (Code Ann. §§ 56-407.1, 56-1206), punitive damages, and the full amount of the jury verdict. The trial court denied Allstate's motion for summary judgment and we granted this interlocutory appeal.

Appellant contends that the trial court erred in denying its motion for summary judgment because an insurer has no duty as a matter of law to settle an uninsured motorist claim with its insured prior to suit against the uninsured motorist. Allstate argues that its tender of the $10,000 limit of the policy after the loss was established by jury verdict satisfies its statutory duty, and, therefore, there is no bad faith issue to be decided by a jury in the instant case. We agree and reverse.

Allstate defended appellee's suit establishing tort liability against the uninsured motorist in the name of the uninsured motorist. "[T]his court has interpreted the Uninsured Motorist Act to require, as a condition precedent to a suit against the insurance carrier, that the insured first sue and recover a judgment against the uninsured motorist, whether known [cit.], or unknown, [cit.]. Although the statute does not, by its express terms, require such a

condition precedent, . . . since the insurer [is] liable for the amount which the insured 'shall be legally entitled to recover' from the uninsured motorist [OCGA § 33-7-11 (a)], that liability for damages 'should be ascertained in an appropriate forum before the bringing of a suit against the insurance company under such coverage.' [Cit.]" *Moss v. Cincinnati Ins. Co.,* 154 Ga. App. 165, 166 (268 SE2d 676) (1980). In cases where the insurer *elects* to defend in its own name, however, no judgment against the uninsured motorist is required as a condition precedent to a determination of questions of coverage. *Moss,* supra at 170. A demand for payment and refusal by the insurer prior to trial on the tort liability of the uninsured motorist does not eliminate the requirement that a judgment first be obtained against the uninsured motorist as a condition precedent to suit against the insurer. *Cash v. Balboa Ins. Co.,* 130 Ga. App. 60 (202 SE2d 252) (1973). Nor is there any indication that Allstate waived the condition precedent. *U. S. Fidelity &c. Co. v. Lockhart,* 124 Ga. App. 810 (186 SE2d 362) (1971).

It follows that an insurer has no duty to accept an insured's demand for payment of a claim prior to judgment being entered against an uninsured motorist. Inasmuch as the insurer is not required to make payment or settlement, it defies logic to argue that Allstate could have acted in bad faith in failing to pay the claim prior to judgment in the tort case. See *Morris v. Aetna Life Ins. Co.,* 160 Ga. App. 484, 486 (287 SE2d 388) (1981).

In addition, the record contains a transcript of the evidence in the tort action. The record only discloses that appellee demanded $9,000 prior to trial and that appellant offered $5,000. While the verdict was greatly in excess of the demand and the offer, there is no indication in the record that this was so obvious before the trial of the case as to amount to bad faith. *Jones v. Southern Home Ins. Co.,* 135 Ga. App. 385, 389 (217 SE2d 620) (1975).

Appellee's argument that Allstate is guilty of bad faith in failing to pay her the full amount of the verdict, $55,000, also must fail. Under the Uninsured Motorist Act, McCall is entitled to recover for her actual loss "within the limits of the policy or policies of which [s]he is the beneficiary." *State Farm &c. Ins. Co. v. Murphy,* 226 Ga. 710, 714 (177 SE2d 257) (1970); *St. Paul Fire &c. Ins. Co. v. Goza,* 137 Ga. App. 581, 584 (224 SE2d 429) (1976). The evidence disclosed that the limit of uninsured motorist liability in McCall's policy of insurance with Allstate was $10,000. Allstate tendered this amount to McCall after judgment was entered in the tort case. Thus, there is no question of bad faith with regard to Allstate's failure to pay the entire amount of the judgment.

There being no issues of fact with regard to any breach of duty on

the part of Allstate, nor bad faith in its dealings with McCall, the trial court erred in denying Allstate's motion for summary judgment.

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED MAY 17, 1983 —
REHEARING DENIED JUNE 8, 1983 — 

*A. Martin Kent, R. Stephen Sims,* for appellant.
*Richard Phillips,* for appellee.