40079. McCALL v. ALLSTATE INSURANCE COMPANY.

HILL, Chief Justice.

This certiorari involves the rights of an insured injured by an uninsured motorist and the obligations of her insurance company. The issue in this case, and thus the question on which certiorari was

granted, is "Whether, under an uninsured motorist policy provision, an insurer may be liable for recovery in excess of the policy limits or, alternatively, for bad faith refusal to pay a claim, where prior to trial the insured offered to settle for less than the policy limits, the insurer refused the offer and the jury returned a verdict in an amount well in excess of the policy limits?"

The Court of Appeals held that the insurer was not liable for these claims. *Allstate Ins. Co. v. McCall,* 166 Ga. App. 833 (305 SE2d 413) (1983). The pertinent facts are stated concisely by the Court of Appeals, as follows: "Armatha McCall was involved in an automobile collision with an uninsured motorist and filed suit against the uninsured motorist. McCall's insurance carrier, Allstate Insurance Company, defended the suit on behalf of the uninsured motorist. McCall demanded the sum of $9,000 from Allstate for injuries sustained in the collision. Allstate rejected the demand and made a counteroffer of $5,000. Thereafter, the case against the uninsured motorist went to trial and resulted in a verdict in favor of McCall for $55,000. Following the verdict, Allstate tendered $10,000 to McCall, the amount of the uninsured motorist protection in the policy, a release, and a satisfaction of judgment. McCall rejected the tender and filed the instant suit alleging bad faith in Allstate's failure to settle the claim prior to suit. McCall's alleged damages included statutory damages under OCGA §§ 33-7-11 (Code Ann. § 56-407.1) and 33-4-6 (Code Ann. § 56-1206), punitive damages, and the full amount of the jury verdict. The trial court denied Allstate's motion for summary judgment and . . ." the Court of Appeals reversed.

1. We consider first the liability, if any, of the insurance company to pay its insured the amount of the judgment recovered against the uninsured motorist over the policy limit ($45,000).

An automobile liability insurance company may be liable for damages to its insured for failing to adjust or compromise the claim of a person injured by the insured and covered by its liability policy, where the insurer is guilty of negligence or of fraud or bad faith in failing to adjust or compromise the claim to the injury of the insured. See *Francis v. Newton,* 75 Ga. App. 341, 343 (43 SE2d 282) (1947). Hence, where a person injured by the insured offers to settle for a sum within the policy limits, and the insurer refuses the offer of settlement, the insurer may be liable to the insured to pay the verdict rendered against the insured even though the verdict exceeds the policy limit of liability. The reason for this rule is that the insurer "may not gamble" with the funds of its insured by refusing to settle within the policy limits. See *U. S. Fidelity &c. Co. v. Evans,* 116 Ga. App. 93, 95 (156 SE2d 809) (1967), quoting 7A Appleman, Insurance Law and Practice 533, § 4711; aff'd on certiorari, 223 Ga. 789 (158

SE2d 243) (1967). See generally annos., 40 ALR2d 168; 63 ALR3d 627; 85 ALR3d 1211.

On the other hand, where, as here, the insured is making a claim against the insurance company for injuries to the insured under the uninsured motorist provisions of the policy, the insurance company is not, by refusing to settle with the insured, gambling with funds of the insured.

In defending against the claims of a person injured by the insured, the insurer's duty to protect the interests of the insured arises because the liability of the insured is not fully protected by the terms of the liability policy. In defending against the claims of the insured under the uninsured motorist provisions of the policy, the insurer is not under a duty to protect the interests of the insured because the insured has no exposure for liability.

Hence, we affirm the judgment of the Court of Appeals insofar as it determined that the insurer was not liable to the insured for the amount of the judgment recovered against the uninsured motorist in excess of the policy limit of $10,000.

2. Next, we consider the insured's claim for damages for the insurer's allegedly bad faith refusal to pay the uninsured motorist claim.

Our uninsured motorist law, OCGA § 33-7-11 (j) (Code Ann. § 56-407.1), provides in pertinent part as follows: "If the insurer shall refuse to pay any insured any loss covered by this Code section within 60 days after a demand has been made by the insured and a finding has been made that such refusal was made in bad faith, the insurer shall be liable to the insured in addition to any recovery under this Code section for not more than 25 percent of the recovery and all reasonable attorney's fees for the prosecution of the case *under this Code section.* The amount of the reasonable attorney's fees shall be determined by the trier of facts and shall be included in any judgment which is rendered *in the action.*" (Emphasis supplied.)

This provision contemplates that the penalty of up to 25% of the recovery and attorney fees shall be awarded in the action against the uninsured motorist referred to in OCGA § 33-7-11 (d-f) (Code Ann. § 56-407.1). Because such penalty and fees were not sought and assessed in the insured's suit against the uninsured motorist, they cannot be recovered in the case before us. For this reason, the judgment of the Court of Appeals denying recovery under OCGA § 33-7-11 (j) (Code Ann. § 56-407.1) is affirmed.

In this case, McCall also relies upon OCGA §§ 13-6-11 (Code Ann. § 20-1404), 51-12-5 and 51-12-6 (Code Ann. §§ 105-2002, 105-2003). OCGA § 13-6-11 (Code Ann. § 20-1404) provides for the allowance of expenses of litigation in contract cases generally; e.g.,

where the defendant has been stubbornly litigious. OCGA §§ 51-12-5 and 51-12-6 (Code Ann. §§ 105-2002, 105-2003), provide for damages in tort cases. Without pausing to decide whether the case before us was in contract or tort, the question arises: Can a plaintiff recover under any one or several of the Code sections providing for additional damages? Unlike OCGA § 33-7-11 (j) (Code Ann. § 56-407.1), supra, OCGA §§ 13-6-11 (Code Ann. § 20-1404), 51-12-5 and 51-12-6 (Code Ann. §§ 105-2002, 105-2003) do not provide for a pretrial demand for payment, do not provide a time limit for payment (60 days) following such demand, and do not provide a limitation upon recovery (25%). If we were to conclude that the insured can recover under one or more of these general provisions, such recovery could be had without pretrial demand, without allowance of time to comply with the demand, and without a percentage limitation upon recovery. We therefore conclude that where the General Assembly has provided a specific procedure and a limited penalty for noncompliance with a specific enactment (e.g., uninsured motorist coverage), the specific procedure and limited penalty were intended by the General Assembly to be the exclusive procedure and penalty, and recovery under general penalty provisions will not be allowed. This conclusion is equally applicable to OCGA § 33-4-6 (Code Ann. § 56-1206), also relied upon by McCall.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed. All the Justices concur, except Smith and Gregory, JJ., who dissent.*

DECIDED JANUARY 4, 1984 —
REHEARING DENIED JANUARY 25, 1984.

*Richard Phillips,* for appellant.
*A. Martin Kent, R. Stephen Sims,* for appellee.

GREGORY, Justice, dissenting.

I respectfully dissent to Division 2 of the majority opinion. I cannot agree that OCGA § 33-7-11 (j) (Code Ann. § 56-407.1) contemplates a claim for bad faith penalty and attorney fees must be brought in the action against the uninsured motorist. The insurer is given the right under OCGA § 33-7-11 (d) (Code Ann. § 56-407.1) to defend the claim against the uninsured motorist either in its own name or in the name of the uninsured motorist. This is designed to prevent disclosure to the jury of the existence of insurance coverage if the insurer so elects. The majority opinion will eliminate that option where there is a bad faith claim unless we also construe the statute to

provide for a bifurcated trial where the underlying claim is first presented to the jury and after verdict the bad faith claim is presented. The statute certainly does not expressly provide for a bifurcated trial. The point is that the legislative intent must have been to, at least, *permit* a separate trial on the issue of bad faith.

I would hold, contrary to the Court of Appeals, that bad faith can exist, even prior to a judgment against the uninsured motorist, when the requirements of OCGA § 33-7-11 (4) (Code Ann. § 56-407.1) are met, and that a separate suit may be brought against the insurer for the bad faith claim after judgment in the suit against the uninsured motorist. Therefore, I would reverse the decision of the Court of Appeals.