73441. WALLIS et al. v. COTTON STATES MUTUAL
INSURANCE COMPANY.
(354 SE2d 842)

SOGNIER, Judge.

Jimmy Wallis and Diane Carstensen, parents of Todd Wallis, deceased, brought suit against Cotton States Mutual Insurance Company seeking bad faith penalties under OCGA § 33-7-11 (j) for Cotton States' failure to pay them the proceeds of Todd Wallis' uninsured motorist insurance policy within 60 days after demand for payment was made. The trial court granted the motion for summary judgment made by Cotton States and this appeal ensued.

Appellants' deceased died from injuries incurred in a collision with an automobile, driven by an uninsured motorist, in June 1984. Formal demand for payment under the deceased's uninsured motorist policy was made on appellee in October 1984. Suit was filed against the uninsured motorist in December 1984; appellee was subsequently served with a copy of the complaint and filed an answer on behalf of the uninsured motorist. Appellee paid appellants' claim in July 1985 prior to the entry of judgment against the uninsured motorist in De-

cember 1985. This suit for bad faith penalties and attorney fees was filed by appellants a week after entry of judgment against the uninsured motorist.

We find this case to be controlled adversely to appellants' contention by this court's opinion in *Allstate Ins. Co. v. McCall*, 166 Ga. App. 833 (305 SE2d 413) (1983) and we therefore affirm the trial court's grant of summary judgment to appellee. Here, as in *Allstate*, the basis for the claim for bad faith penalties was the insurer's refusal to pay the policy proceeds on demand where the demand was made prior to the entry of judgment against the uninsured motorist. " '(T)his court has interpreted the Uninsured Motorist Act to require, as a condition precedent to a suit against the insurance carrier, that the insured first sue and recover a judgment against the uninsured motorist, whether known [cit.], or unknown, [cit.]. Although the statute does not, by its express terms, require such a condition precedent, . . . since the insurer [is] liable for the amount which the insured "shall be legally entitled to recover" from the uninsured motorist [OCGA § 33-7-11 (a)], that liability for damages "should be ascertained in an appropriate forum before the bringing of a suit against the insurance company under such coverage." [Cit.]' *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165, 166 (268 SE2d 676) (1980). . . . A demand for payment and refusal by the insurer prior to trial on the tort liability of the uninsured motorist does not eliminate the requirement that a judgment first be obtained against the uninsured motorist as a condition precedent to suit against the insurer. [Cit.] Nor is there any indication that [appellee] waived the condition precedent. [Cit.]

"It follows that an insurer has no duty to accept an insured's demand for payment of a claim prior to judgment being entered against an uninsured motorist. Inasmuch as the insurer is not required to make payment or settlement, it defies logic to argue that [appellee] could have acted in bad faith in failing to pay the claim prior to judgment in the tort case. [Cit.]" Id. at 833-834.

The Supreme Court in *McCall v. Allstate Ins. Co.*, 251 Ga. 869 (310 SE2d 513) (1984), while not articulating the same reasons as stated in the opinion of the Court of Appeals, affirmed this court without any disavowal of the reasoning used.

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Banke, P. J., Carley, Pope, Benham and Beasley, JJ., concur. Deen, P. J., dissents.*

DEEN, Presiding Judge, dissenting.

In affirming the trial court's grant of summary judgment for the appellee insurer in this case, the majority opinion relies upon *Allstate Ins. Co. v. McCall*, 166 Ga. App. 833 (305 SE2d 413) (1983). Because

the rule announced in *McCall*, followed by the majority opinion, is patently in error, I must respectfully dissent.

OCGA § 33-7-11 (j) provides that "[i]f the insurer shall refuse to pay any insured any loss covered by this Code section within 60 days after a demand has been made by the insured and a finding has been made that such refusal was made in bad faith, the insurer shall be liable to the insured in addition to any recovery under this Code section for not more than 25 percent of the recovery and all reasonable attorney fees for the prosecution of the case under this Code section. The question of bad faith, the amount of the penalty, if any, and the reasonable attorney fees, if any, shall be determined in a separate action filed by the insured against the insurer after a judgment has been rendered against the uninsured motorist in the original tort action." Certainly, under this Code section an insured must obtain a judgment against the uninsured motorist before commencing an action against an insurer for the bad faith penalty and attorney fees. See *Smith v. Phillips*, 172 Ga. App. 459 (2) (323 SE2d 669) (1984). However, it does not logically follow that no bad faith can exist in an insurer's refusal to pay a claim any time before entry of a judgment against the uninsured motorist.

It is patent that in some cases the liability of the uninsured motorist will be indisputable, and in such cases no fair or compelling basis appears for allowing an insurer to insist that the innocent insured first resort to the sometimes agonizingly slow process of obtaining a judgment against an often judgment-proof uninsured motorist. In such a case, to require an insurer to pay promptly an insured's proven damages, up to the limits of the insurance coverage, even before entry of a judgment against the uninsured motorist, or else subject himself to possible liability for the bad faith penalty and attorney fees, does not place any heinous burden upon that insurer. It merely requires the insurer to make a prompt, honest, and responsible investigation of a claim and pay the insured's bona fide damages; in short, it requires an insurer to do nothing more than honor its contract of insurance. Any argument that this requirement exposes insurers to an unreasonable risk of liability for its refusal to pay a claim is spurious; the consistent reluctance of the courts to uphold a verdict for the bad faith penalty and attorney fees where there is some articulable basis for not paying a claim has long been documented in the case reports. See, in particular, *State Farm Mut. Auto. Ins. Co. v. Harper*, 125 Ga. App. 696, 701-704 (188 SE2d 813) (1972) (Evans, J., concurring specially).

*McCall* attempts to actuate or assimilate a procedural condition to bringing an action into a substantive basis for liability. The only substantive basis for liability is an insurer's bad faith refusal to pay a claim within 60 days of it being made. As recently noted by the Su-

preme Court, "[t]he apparent purpose of the legislature in enacting the 30/60-day requirements of OCGA § 33-34-6 was to assure prompt payment of claims by imposing penalties and damages on insurers failing to meet the deadlines. If an insurer could avoid these penalties and damages by making payment after the deadline, there would be no incentive in the statute to meet the deadline. The issue of the insurer's good faith is to be determined by the events and circumstances during the 30/60-day time period . . . As we understand the statute, the words, 'failure or refusal to pay' refer to payment 'when due,' and do not authorize a late payment. It is not simply the total failure to pay, but the failure to make *timely* payment which gives rise to penalties and damages." *Lawson v. State Farm Mut. Auto. Ins. Co.*, 256 Ga. 285, 286 (347 SE2d 565) (1986).

There is no dispute that the Code section and case law require an insured to first obtain a judgment against the uninsured motorist before filing suit against the insurer for the insurer's bad faith refusal to pay the claim. See *Cash v. Balboa Ins. Co.*, 130 Ga. App. 60 (202 SE2d 252) (1973). But nothing in the Code section allows the insurer with impunity to sit back and refuse to pay a claim until the insured obtains a judgment against the uninsured motorist, regardless of the merits of the claim. The Code section requires an insurer to pay a claim within 60 days of it being made, and a claim obviously may be made months and years before a judgment is obtained against the uninsured motorist. The majority opinion and *McCall* totally emasculate or render that 60-day requirement meaningless.

In summary, the correct and obvious reading and meaning of the Code section is this:

1. An insurer must pay a claim within 60 days, or else be subject to bad faith penalties. Liability attaches if the trier of fact finds that the insurer's refusal to pay the claim *within 60 days* was made in bad faith;

2. An insured, however, may not bring an action to recover for that wrong until he first obtains a judgment against the uninsured motorist.

3. If an insurer wants to sit back smugly and refuse to pay an uninsured motorist claim, regardless of whether it's clear as day that the claim is meritorious, the insurer can do that, but the insurer can subsequently be held liable for bad faith refusal to pay the claim within 60 days.

*McCall* should be overruled, and the majority errs in continuing to follow it. The majority opinion's attempt to bolster its present endorsement of *McCall* by noting that the Supreme Court, in *McCall v. Allstate Ins. Co.*, 251 Ga. 869 (310 SE2d 513) (1984), affirmed this court without any disavowal of this court's reasoning, is misguided as the Supreme Court decided the case on a procedural basis, thus pre-

cluding any discussion of this court's erroneous reasoning.

### ON MOTION FOR REHEARING.

OCGA § 33-7-11 (j), as amended in 1984, provides: "The question of bad faith, the amount of the penalty, if any, and the reasonable attorney fees, if any, shall be determined in a separate action filed by the insured against the insurer *after a judgment has been rendered against the uninsured motorist* in the original tort action." (Emphasis supplied.) Although the holding in *McCall v. Allstate Ins. Co.*, 251 Ga. 869 (310 SE2d 513) (1984), affirming on other grounds our opinion in *Allstate Ins. Co. v. McCall*, 166 Ga. App. 833 (305 SE2d 413) (1983), may be considered abrogated by the amended version of OCGA § 33-7-11 (j), *Smith v. Phillips*, 172 Ga. App. 459, 465 (2) (323 SE2d 669) (1984), the amended version of OCGA § 33-7-11 (j) does not adversely impact this court's holding in *Allstate*, supra, but on the contrary endorses that opinion in that the amendment "reinforces the concepts that a judgment against a tortfeasor is a condition precedent to the entry of a judgment against the [uninsured motorist carrier]." *Smith*, supra. Thus, *Allstate Ins. Co. v. McCall*, supra, continues to control this appeal adversely to appellants.

*Motion for rehearing denied.*

DECIDED FEBRUARY 19, 1987 —
REHEARING DENIED MARCH 13, 1987 —

*Wynn Pelham*, for appellants.
*I. J. Parkerson*, for appellee.