## 76360. WILLIAMS v. THOMAS.
(370 SE2d 773)

BIRDSONG, Chief Judge.

This is an appeal from the order of the Superior Court of Dougherty County denying appellant's motion for a partial summary judgment and granting appellee's motion for partial summary judgment.

Appellant and appellees' joint motion to transfer this case to the Georgia Supreme Court is denied.

Appellant was injured on the job when he was struck by a motor vehicle owned by his employer and operated by co-employee, Harry Thomas, who was acting in the scope of his employment. Appellant made claim for and was awarded workers' compensation benefits for his injuries. Appellant brought suit against his co-employee seeking damages and declaratory judgment. In particular, appellant sought a construction of the uninsured motorist provisions of his own automobile insurance policy, a declaration of his rights thereunder, and a determination of whether his co-employee would qualify as an uninsured motorist.

The trial judge concluded that "the form of recovery set forth in the Workers' Compensation law of the State of Georgia, both in statute and as interpreted by the Courts, is the exclusive remedy for injuries sustained in cases such as these, i.e., where an employee is injured by the negligence of a co-employee. This court . . . is persuaded by the rationale and holding in *Allstate Ins. Co. v. Boynton*, 486 S2d 552 (1986), a unanimous decision of the Florida Supreme Court. . . ." Although this is a case of first impression, we agree with the conclusion of the trial judge. OCGA § 34-9-11, on its face, pertinently provides: "The rights and the remedies granted to an employee by this chapter *shall exclude all other rights and remedies of such employee . . .* at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, other than an employee of the same employer or any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee. . . ." (Emphasis supplied.) Cf. *Pappas v. Hill-Staton Engineers*, 183 Ga. App. 258 (358 SE2d 625) (the exclusive remedy provision of OCGA § 34-9-11 is not confined to rights at common law but applies to all rights and remedies which might otherwise be available to the employee as against the employer). Although it could have done so, the General Assembly has made no exception to the unambiguous rights and remedies provisions of this statute of exclusivity, so as to enable an injured employee to obtain a judgment against a co-employee in order to meet any statutory or contractual conditions necessary to the ultimate recovery of insurance benefits from his own insurer. Further, we find that the general provision for relief by declaratory judgment, contained in OCGA § 9-4-2 (c), does not constitute an exception to the exclusive rights and remedies provision of OCGA § 34-9-11.

Moreover, under the provisions of both the Georgia Uninsured Motorist Act (OCGA § 33-7-11) and appellant's own automobile insurance policy, the insurer was obligated only to pay the insured all

sums which the insured shall be "legally entitled to recover" as damage from the owner or operator of an uninsured motor vehicle. OCGA § 33-7-11 (a) (1).

Because OCGA § 33-7-11 (a) (1) requires under the Georgia Uninsured Motorist Act only the payment of all sums which the insured shall be "legally entitled to recover as damages from the owner or operator" of the uninsured motor vehicle, " '[i]t is a condition precedent to an action against an automobile liability insurance carrier to recover under the [Act] on account of injuries and damages to the plaintiff resulting from the negligence of . . . [an] uninsured motorist, that suit shall have been brought *and judgment recovered* against the uninsured motorist.' " (Emphasis supplied.) *Hartford Acc. &c. Co. v. Studebaker*, 139 Ga. App. 386 (1) (228 SE2d 322); accord *Wallis v. Cotton States Mut. Ins. Co.*, 182 Ga. App. 147, 148 (354 SE2d 842); *Peagler &c. v. Studebaker*, 156 Ga. App. 786 (275 SE2d 385); *Continental Ins. Co. v. Echols*, 145 Ga. App. 112, 113 (243 SE2d 88), cert. dismissed, 242 Ga. 419 (249 SE2d 616); *Cash v. Balboa Ins. Co.*, 130 Ga. App. 60, 61 (202 SE2d 252); *State Farm Mut. Auto. Ins. Co. v. Girtman*, 113 Ga. App. 54, 57 (147 SE2d 364); Jenkins & Darroch, Ga. Auto. Ins. Law, § 41-4; but cf. *Wilkinson v. Vigilant Ins. Co.*, 236 Ga. 456 (224 SE2d 167) (insurer liable where uninsured motorist had been discharged in bankruptcy and judgment could not be obtained; see current provisions of OCGA § 33-7-11 (a) (4)); *Norman v. Daniels*, 142 Ga. App. 456 (236 SE2d 121) (holding that where the uninsured motorist could not be found the situation was analogous to *Wilkinson*); *Watkins v. United States*, 462 FSupp. 980 (S.D. Ga. 1977), aff'd on op. below, 587 F2d 279 (5th Cir. 1979) (if insured can establish tort liability he can recover from his insurer regardless of whether he can recover against the uninsured motorist; Fed. Drivers Act case).

Accordingly, as appellant is barred by the exclusive rights and remedies provision of OCGA § 34-9-11 from obtaining judgment either against his employer or the co-employee who injured him, he cannot satisfy the condition precedent to an action against his insurer for recovery under the uninsured motorist provisions of his policy. Accordingly, we find that the trial judge did not err.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED MAY 31, 1988 —
REHEARING DENIED JUNE 14, 1988 —

*Alfred N. Corriere, K. Alan Dasher*, for appellant.
*Michael L. Wetzel*, for appellee.