76271. CHEROKEE INSURANCE COMPANY et al. v. LEWIS.
(371 SE2d 103)

POPE, Judge.
Thomas L. Lewis brought a tort action to recover for injuries he received in an automobile collision. At the time of his injury, Lewis was employed by the City of Chickamauga as a garbage collector and was standing on a platform on the back of the city's garbage truck. The rear of the truck was struck by an automobile driven by Mary Purple Nelms. The tort action was defended by Nelms' liability insurance carrier, Preferred Risk Mutual Insurance Company, and copies of the summons and complaint were served upon Lewis' automobile insurance carrier, Atlanta Casualty Company, and the City of Chickamauga's carrier, Cherokee Insurance Company. Atlanta Casualty filed an answer in the tort action in its own name. Cherokee did not file an answer or make any appearance in the tort action in either its own name or the name of Nelms. During the pendency of the tort action, Nelms died and her administratrix, Nancy Lee VanProoyen, was substituted as a party defendant in the action.

Subsequent to filing its answer in the tort action, Atlanta Casualty moved for summary judgment contending that it owed Lewis no uninsured motorist benefits because the amount of its coverage, $10,000, was less than the amount of Nelms' liability coverage. On the appeal of the grant of Atlanta Casualty's motion for summary judgment, this court held that Lewis was entitled to stack the $10,000 uninsured motorist coverage provided by Atlanta Casualty with the $25,000 coverage provided by Cherokee, resulting in a total amount of $35,000 of uninsured motorist coverage. After deducting Nelms' $15,000 liability coverage from the $35,000 of available uninsured motorist coverage, this court concluded that Lewis was entitled to recover a total of $20,000 in uninsured motorist benefits from these two insurance companies. The court further held that Atlanta Casualty would be primarily liable to Lewis in the amount of $10,000 under its uninsured motorist coverage and that Cherokee would be liable for

the remaining $10,000. See *Lewis v. Atlanta Cas. Co.*, 179 Ga. App. 185 (345 SE2d 858) (1986).

The tort action was tried before a jury and judgment entered in favor of Lewis and against defendant VanProoyen in the amount of $150,000. Subsequent to entry of the aforesaid judgment, Preferred Risk tendered to Lewis the full amount of its $15,000 in liability coverage thereby reducing the amount of the judgment against Van-Prooyen to $135,000. After probate, there remained in Nelms' estate $97,512.75 available for payment of the $135,000 balance of the judgment obtained by Lewis.

Under OCGA § 33-7-11 (f), Atlanta Casualty and Cherokee asserted that they were subrogated to Lewis' rights against Nelms' estate to the extent of their obligations to pay Lewis uninsured motorist benefits. Because of the competing claims of Lewis, Cherokee, and Atlanta Casualty to the assets of Nelms' estate, VanProoyen, as the administratrix of the estate, filed this interpleader action seeking to require the three to interplead their respective claims to the estate. VanProoyen was discharged as the plaintiff in interpleader from all liabilities to the defendants with respect to the fund, and the defendants were required to interplead their respective claims to said fund.

The defendants filed motions for summary judgment asserting their various rights to the interpled funds. The insurance companies also sought to avoid liability for penalties and attorney fees under OCGA § 33-7-11 (j). The trial court entered orders denying the motions for summary judgment filed by Cherokee and Atlanta Casualty with respect to their claims to the interpled funds. The trial court also entered an order which granted Lewis' motion for summary judgment against Cherokee with respect to his entitlement to an award of penalties and attorney fees under OCGA § 33-7-11 (j) because Cherokee had failed to pay the amount of its available uninsured motorist coverage to Lewis within sixty days of the entry of judgment against VanProoyen. Cherokee Insurance Company and Atlanta Casualty Company filed a joint notice of appeal from the various orders of the trial court, but Atlanta Casualty has subsequently withdrawn its appeal.

1. Cherokee's first enumeration assigns error to the trial court's failure to enter judgment in its favor on its subrogation claim to the interpled funds. Cherokee relies on the provisions of OCGA § 33-7-11 (f): "An insurer paying a claim under the endorsement or provisions required by subsection (a) of this Code section [uninsured motorist coverage] shall be subrogated to the rights of the insured to whom the claim was paid against the person causing such injury, death, or damage to the extent that payment was made. . . ." Cherokee argues that by virtue of having satisfied a portion of the tortfeasor's (Nelms') obligation to the insured (Lewis), it should have the right to recoup such

payment to the extent the tortfeasor has assets available from which Cherokee's right of subrogation can be satisfied.

We resolve this issue adversely to Cherokee, finding persuasive an opinion of the Fourth Circuit Court of Appeals in a comparable circumstance involving an identical Virginia statute: " 'The right of subrogation cannot be enforced until the whole debt is paid, and until the creditor be wholly satisfied, there ought to and can be no interference with his rights or his securities which might, even by bare possibility, prejudice or embarrass him in any way in the collection of the residue of his claim.' [Cits.] . . . Thus no paramount right of subrogation arises until the insured has received full satisfaction of his judgment against the uninsured driver." (Indention omitted.) *White v. Nationwide Mut. Ins. Co.*, 361 F2d 785, 787 (4th Cir. 1966). A similar conclusion, although dicta, appears in *Travelers Ins. Co. v. Commercial Union Ins. Co.*, 176 Ga. App. 305 (335 SE2d 681) (1985), noting that "where an uninsured motorist is involved, the full amount of economic and noneconomic losses must be paid to the injured insured by his insurer and/or by the tortfeasor before the insurer is subrogated to the rights of its insured." Id. at 307. We find no merit in Cherokee's first enumeration of error.

2. Cherokee's remaining enumeration cites as error the trial court's entry of summary judgment in favor of Lewis for bad faith penalties and attorney fees pursuant to OCGA § 33-7-11 (j). The trial court found that the judgment in favor of Lewis against the Nelms estate entered November 20, 1986 "constituted a demand on Cherokee Insurance Company" and that the check issued by Cherokee to Lewis on April 29, 1987 was properly returned because no post-judgment interest had been included. Under these circumstances, the trial court concluded that the tender by Cherokee was not timely and granted Lewis' summary judgment motion.

The parties agree that Lewis made a demand on Cherokee at some time prior to the entry of judgment against the Nelms estate. This, however, was inadequate to constitute a proper demand under OCGA § 33-7-11 (j). The subject code section provides for penalties and attorney fees "[i]f the insurer shall refuse to pay any insured any loss covered by this Code section within 60 days *after a demand has been made by the insured* and a finding has been made that such refusal was made in bad faith . . . . The question of bad faith, the amount of the penalty, if any, and the reasonable attorney's fees, if any, shall be determined in a separate action filed by the insured against the insurer *after a judgment has been rendered against the uninsured motorist in the original tort action.*" (Emphasis supplied.) It follows that a demand purportedly made pursuant to the statute would be of no effect, a mere nullity, if made prior to the entry of judgment against the uninsured motorist. See *Wallis v. Cotton States*

*Mut. Ins. Co.*, 182 Ga. App. 147, 151 (354 SE2d 842) (1987) (on motion for rehearing); *Allstate Ins. Co. v. McCall*, 166 Ga. App. 833 (305 SE2d 413) (1983), aff'd 251 Ga. 869 (310 SE2d 513) (1984). See generally *State v. Hicks*, 183 Ga. App. 715 (359 SE2d 712) (1987). In the absence of a proper demand, the trial court erred in granting Lewis' summary judgment action.

*Judgment affirmed in part; reversed in part. McMurray, P. J., and Benham, J., concur.*

DECIDED JUNE 7, 1988 —
REHEARING DENIED JUNE 23, 1988 — 

*Brady D. Green, Douglas M. Campbell*, for appellants.
*Dennis D. Watson, John W. Davis, Jr.*, for appellee.