526 So.2d 187 (1988)
Leonard BENNETT, As Personal Representative of the Estate of Christopher Bennett, a Deceased Minor Child, for the Benefit of the Surviving Parents, and, As Natural Guardian of Chad Bennett, for the Benefit of Chad Bennett, Appellant,
v.
GRANITE STATE INSURANCE COMPANY, Appellee.
No. 87-719.
District Court of Appeal of Florida, Third District.
June 7, 1988.
Headley, Sherouse & Curran and Thomas W. Headley, Miami, for appellant.
Corlett, Killian, Hardeman, McIntosh & Levi, P.A., and Scott R. McNary, Miami, for appellee.
Before HUBBART, NESBITT[*] and JORGENSON, JJ.
PER CURIAM.
Bennett brought an action for declaratory relief, seeking a construction of the terms of his commercial automobile liability insurance policy issued by Granite State Insurance Company. On motion for final summary judgment filed by Granite State, the trial court concluded that:

*188 2. It is uncontroverted the policy of automobile insurance was issued and delivered by Defendant in Georgia to Plaintiff, a Georgia resident whose principal place of business is located in Georgia. The vehicles described by the insurance policy as insured vehicles were principally garaged in Georgia, registered in Georgia and operated by persons licensed in the State of Georgia. Plaintiff applied for the subject policy in the State of Georgia through an insurance agent licensed in the State of Georgia. Premiums were paid to the insurance agent in Georgia.
3. Plaintiff's claim of uninsured motorist benefits stems from an automobile accident in Florida which resulted in the death of CHRISTOPHER BENNETT and injuries to CHAD BENNETT, both sons of LEONARD BENNETT. It is uncontroverted Plaintiff, individually and in his representative capacities settled all claims arising from the subject automobile accidents against the tort feasors who allegedly caused the accident and executed releases discharging the tort feasors from further liability. It is further uncontroverted that Plaintiff did not obtain judgments against the tort feasors prior to seeking uninsured motorist benefits from Defendant pursuant to the policy of insurance.
The trial court determined as a matter of law that the action was controlled by Georgia law. H.S. Equities, Inc. v. Hartford Accident & Indem. Co., 334 So.2d 573 (Fla. 1976); Aetna Casualty & Sur. Co. v. Diamond, 472 So.2d 1312 (Fla. 3d DCA 1985). The trial court further found that Georgia law barred Bennett's claims against Granite State because Bennett had failed to obtain judgments against the tortfeasors before seeking uninsured motorist benefits. See Smith v. Phillips, 172 Ga. App. 459, 323 S.E.2d 669 (1984) (Uninsured Motorist Act requires, as condition precedent to suit against carrier, that insured recover judgment against uninsured motorist); Allstate Ins. Co. v. McCall, 166 Ga. App. 833, 305 S.E.2d 413 (1983) (same), aff'd, 251 Ga. 869, 310 S.E.2d 513 (1984).
Although it did not have the benefit of the Florida supreme court's latest pronouncement concerning the doctrine of lex loci contractus, see Sturiano v. Brooks, 523 So.2d 1126 (Fla. 1988) (law of jurisdiction where contract executed governs rights and liabilities of parties on issue of insurance coverage), the trial court correctly applied the doctrine to the present action. The trial court's order on final summary judgment in favor of Granite State is affirmed in all respects.
Affirmed.
NOTES
[*] Judge Nesbitt did not participate in oral argument.