45999. LEWIS v. CHEROKEE INSURANCE COMPANY et al.
(375 SE2d 850)

HUNT, Justice.

We granted certiorari to the Court of Appeals in *Cherokee Insurance Co. v. Lewis*, 187 Ga. App. 628 (371 SE2d 103) (1988) to answer the question: "When may a demand be made which will trigger the provisions of OCGA § 33-7-11 (j)?"

Lewis, a garbage collector for the city of Chickamauga, was injured on the job when a car driven by Nelms struck the garbage truck on which Lewis was standing. Nelms' insurance policy provided liability coverage in the amount of $15,000. In *Lewis v. Atlanta Cas. Co.*, 179 Ga. App. 185 (345 SE2d 858) (1986), the Court of Appeals held Lewis could stack his uninsured motorist coverage from Atlanta Casualty (his automobile insurance carrier) and Cherokee (Chickamauga's carrier). The combined applicable coverage from Ms. Nelms' insurer and from Cherokee and Atlanta Casualty was far less than Lewis' actual damages. Lewis made demands against Cherokee and Atlanta Casualty which were refused. Thereafter, Lewis sued Nelms and received a judgment in his favor.

In this interpleader action, the administrator of Nelms' estate sought to require Lewis, Cherokee and Atlanta Casualty[1] to inter-

---

[1] The two insurance companies claimed they were subrogated to Lewis' rights against the estate.

plead their claims against the estate. The trial court entered an order granting Lewis' motion for summary judgment regarding his entitlement to penalties and attorney fees under OCGA § 33-7-11 (j) against Cherokee and Atlanta Casualty. The Court of Appeals reversed and held that Lewis' demand against Cherokee (Atlanta Casualty had withdrawn its appeal) was ineffective under OCGA § 33-7-11 (j) because it was made prior to the entry of his judgment against Nelms. *Cherokee Insurance Co. v. Lewis*, supra at 629 (2).

OCGA § 33-7-11 (j) provides, in pertinent part:

> If the insurer shall refuse to pay any insured any loss covered by this Code section within 60 days after a demand has been made by the insured and a finding has been made that such refusal was made in bad faith, the insurer shall be liable to the insured in addition to any recovery under this Code section for not more than 25 percent of the recovery and all reasonable attorney's fees for the prosecution of the case under this Code section. The question of the amount of the penalty, if any, and the reasonable attorney's fees, if any, shall be determined in a separate action filed by the insured against the insurer after a judgment has been rendered against the uninsured motorist in the original tort action.

It is clear that a plaintiff must obtain a judgment against the uninsured motorist before *filing suit* against an insurer for the bad faith penalty and attorney fees. However, it does not follow that a judgment against the uninsured motorist is a prerequisite for a *demand* against an insurer under this section. Rather, as we have previously noted, this section contemplates a pretrial demand against the insurer. *McCall v. Allstate Ins. Co.*, 251 Ga. 869, 872 (2) (310 SE2d 513) (1984).[2] This code section does not permit an insurer to wait until the insured obtains a judgment against the uninsured motorist before considering the merits of the claim. Moreover, it would be illogical to read the code section to require the plaintiff to make his demand after obtaining a judgment against the uninsured motorist when liability is firmly established and there is no opportunity for the insurer to exercise good or bad faith. Rather, an insurer is required to pay a valid claim within 60 days of its being made, and a valid claim may be

---

[2] Following our opinion in *McCall*, the Legislature amended OCGA § 33-7-11 (j) to address the problem pointed out by Justice Gregory in his dissent. Under the amended statute, the trial of the issue of the insurer's good or bad faith in denying the insured's demand is determined in a separate suit so that, for the insurer's protection, the prejudicial issue of insurance coverage is not injected into the trial of the case against the uninsured motorist. However, the Legislature did not change the nature or timing of the demand by the insured under this section.

made months and years before the plaintiff obtains a judgment against the uninsured motorist. See Judge Deen's dissent in *Wallis v. Cotton States Mut. Ins. Co.*, 182 Ga. App. 147, 150 (354 SE2d 842) (1987). The insurer's bad faith, if any, in failing to pay, would be that involved in not paying within 60 days of the demand. Our holding here is consistent with the statute's purpose of encouraging insurers to make a good faith examination of claims and to promptly pay all valid claims. See id. at 149. Lewis's demand under OCGA § 33-7-11 (g) was timely and the trial court properly granted summary judgment in his favor.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 8, 1989.

*Gleason & Davis, John W. Davis, Jr.*, for appellant.
*Redfern, Green & Hoffman, Brady D. Green*, for appellees.