## A00A1470. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. WRIGHT.

(538 SE2d 147)

MILLER, Judge.

State Farm appeals from the trial court's denial of its motion to enter judgment on a cross-claim, based on its statutory subrogation right as an uninsured motorist carrier.[1] Defendant Miller's car was struck from behind by a "John Doe" driver, causing his vehicle to collide with plaintiff Wright's vehicle. When Wright sued Miller to recover for injuries sustained in the accident, she also served her uninsured motorist (UM) carrier, appellant State Farm. State Farm answered in its own name and cross-claimed against Miller pursuant to OCGA § 33-7-11 (d). Thus State Farm participated as an underinsured motorist carrier, covering damages above Miller's liability insurance coverage of $25,000, and as an uninsured motorist carrier because of "John Doe's" involvement. The jury awarded Wright a total of $48,856.[2] The next day, Miller objected to the inclusion of a statement regarding the cross-claim on the judgment. Counsel met in chambers at which time State Farm requested the trial court enter judgment on the cross-claim.[3] Following the judge's reservation of ruling, State Farm filed a motion to set aside the judgment, and oral argument was granted. The trial court ultimately denied State Farm's motion to set aside the judgment and the motion to enter judgment on the cross-claim, concluding that State Farm waived its cross-claim for subrogation by not pursuing it during trial. State Farm satisfied its portion of the judgment in the amount of $24,359.44.[4] On appeal, State Farm contends: (1) the trial judge erred in ruling that State Farm waived its right to the cross-claim because it did not (re)assert the cross-claim prior to the rendering of

---

[1] OCGA § 33-7-11 (f).

[2] Final judgment was entered against Miller individually in the amount of $25,000 and against State Farm and Miller jointly and severally in the amount of $23,856.

[3] State Farm's motion to enter judgment on the cross-claim was filed two days after the verdict was returned.

[4] This amount includes court costs and interest.

judgment, (2) the cross-claim is valid because it was asserted in State Farm's answer and preserved in the pre-trial order, and (3) the cross-claim could not be asserted during the course of the trial because it would lead to impermissible evidence and the claim did not ripen until damages were determined by the jury. We reverse and remand with direction to enter judgment on the cross-claim.

1.

[T]he plain legal error standard of review applies, where the appellate court determines that the issue was of law, not fact, that there was no factual dispute, or that there was no discretion, so that the issue for review was whether the trial court made a plain legal error.[5]

State Farm argues that it never waived its right to the cross-claim.

When an unknown driver is sued because of an automobile accident, OCGA § 33-7-11 (d) directs that the insurance company issuing an automobile liability policy to the injured plaintiff be served "as though the insurance company were actually named as a party defendant."[6] The insurer may then file pleadings in either its name or in the name of the defendant "John Doe."[7] An insurer who pays a claim as an uninsured motorist carrier "shall be subrogated to the rights of the insured" against the tortfeasor "to the extent that payment was made."[8]

The Code section conferring this statutory right of subrogation on the UM carrier expressly authorizes joinder[9] of that claim "in an action against 'John Doe' or the owner or operator of the motor vehicle causing injury. . . ." Filing a cross-claim pursuant to OCGA § 33-7-11 (f) is "simply a means of perfecting its subrogation right . . . in the event a judgment is obtained against the uninsured motorist."[10] By definition "perfect" means "to take all legal steps needed to complete, secure, or record (a claim, right, or interest); to put in final conformity with the law."[11]

In *Krasaeath v. Parker*,[12] this Court held that "[a] claim for contribution may be brought as a separate independent suit after a judg-

---

[5] (Citations omitted.) *Glover v. Ware*, 236 Ga. App. 40, 45 (3) (510 SE2d 895) (1999).
[6] OCGA § 33-7-11 (d).
[7] Id.
[8] OCGA § 33-7-11 (f).
[9] Joinder is "[t]he uniting of parties or claims in a single lawsuit." Black's Law Dictionary 841 (7th ed. 1999).
[10] *Johnson v. Amerson*, 179 Ga. App. 75, 76 (345 SE2d 94) (1986). This procedure was approved by the Supreme Court of Georgia in *State Farm &c. Ins. Co. v. Cox*, 271 Ga. 77, 79 (515 SE2d 832) (1999).
[11] Black's Law Dictionary 1157 (7th ed. 1999).
[12] 212 Ga. App. 525, 526 (441 SE2d 868) (1994).

ment is entered in the underlying tort action. . . ." Had State Farm not filed a cross-claim in its answer, it would still be entitled to bring a separate suit against Miller after judgment is entered for Wright. Since a cross-claim is an independent suit combined with another action for judicial economy, it follows that State Farm can pursue post-judgment subrogation.[13] Accordingly, the mere fact that State Farm did not pursue the cross-claim until a verdict was returned in the main tort action does not conclusively waive State Farm's statutory right to subrogation.

2. State Farm next argues that even though the cross-claim was not mentioned in the succinct outline of the case portion of the Consolidated Pre-Trial Order, but rather in the "special authorities" section, it should nevertheless be preserved. State Farm's portion of the proposed pre-trial order states: "State Farm is entitled to a judgment against the Defendant for any amount it is determined to owe." We pretermit this issue, because the judge never signed the proposed pre-trial order.[14] "Until an order is signed by the judge it is ineffective for any purpose."[15] State Farm's cross-claim is certainly preserved in absence of an effective pre-trial order because it was asserted in responsive pleadings.[16]

3. State Farm correctly argues that its cross-claim did not ripen until damages were determined by the jury and paid by the insurer. Until the insured receives full satisfaction of his judgment, there is no right of subrogation.[17] " '[W]here an uninsured motorist is involved, the full amount of economic and noneconomic losses must be paid to the injured insured by his insurer and/or by the tortfeasor before the insurer is subrogated to the rights of its insured.' "[18] The subrogation claim under OCGA § 33-7-11 (f) does not ripen until the judgment is satisfied.[19] Once the judgment is satisfied by payment, the material facts are established, leaving no issue for jury resolution.

Since State Farm's statutory right to subrogation for the sum certain it paid Wright in its capacity as an uninsured motorist carrier presents no jury question, we need not address whether pursu-

---

[13] See *Airgrowers, Inc. v. Tomlinson*, 230 Ga. App. 415 (496 SE2d 528) (1998) (a cross-claim should be considered even if the main claim is dismissed).

[14] *Majors v. Lewis*, 135 Ga. App. 420 (218 SE2d 130) (1975).

[15] Id.

[16] *Swanson v. State Farm &c. Ins. Co.*, 242 Ga. App. 616, 617 (1) (530 SE2d 516) (2000).

[17] *Cherokee Ins. Co. v. Lewis*, 187 Ga. App. 628, 630 (371 SE2d 103) (1988), rev'd on other grounds, *Lewis v. Cherokee Ins. Co.*, 258 Ga. 839 (375 SE2d 850) (1989).

[18] Id.

[19] *Landrum v. State Farm &c. Ins. Co.*, 241 Ga. App. 787 (527 SE2d 637) (2000). The trial court in *Landrum* heard argument on State Farm's cross-claim after the initial judgment was entered and the jury excused. This further shows that a cross-claim may be pursued post-judgment.

ing the claim before the jury would inject impermissible evidence into the proceeding. The trial court erred in concluding State Farm waived its cross-claim.

Therefore, we reverse and remand with direction to enter judgment on the cross-claim for the amount established by payment.

*Judgment reversed and case remanded with direction. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 8, 2000

*Sharon W. Ware & Associates, Margaret C. Elliot, Kay D. Thompson*, for appellant.

*Austin & Sparks, Matthew J. Jewell*, for appellee.