60685. SHELDON et al. v. RAMEY BUILDERS, INC. et al.

SHULMAN, Judge.

Plaintiff-purchasers brought suit against defendant-builder/vendor (Ramey Builders, Inc.) and against Ramey individually for damages resulting from flooding in the crawl space of the house plaintiffs purchased from the corporate defendant. Plaintiffs contended that the flooding was due to the builder's failure to waterproof the foundation wall of the house. Plaintiff's

allegations of breach of contract and concomitant suit for damages were premised upon an express written warranty in the contract of sale which stated that the builder would warrant against "all structural defects and materials" for a one year period. Plaintiffs also sued in tort (fraud and deceit), contending that defendants fraudulently induced plaintiff to enter into the contract of purchase through material misrepresentations. From the grant of defendants' motion for a directed verdict on the issues of breach of contract and fraud, plaintiffs appeal. We reverse.

1. Plaintiffs contend there was sufficient evidence of fraud to submit the case to the jury. We agree.

A directed verdict is authorized where there is no conflict in the evidence and the verdict is demanded. *Slack v. Morehead,* 152 Ga. App. 68, 71 (262 SE2d 186); Code Ann. § 81A-150 (a). However, the mere existence of conflicts in the evidence does not render a directed verdict erroneous if it was demanded either from proof or lack of proof on the controlling issues in the case. *Stepp v. Stepp,* 195 Ga. 595 (2) (25 SE2d 6); *Slack v. Morehead,* supra. Thus, if the plaintiffs had failed to set forth sufficient evidence to create an issue of fact as to any of the requisite elements of an action for fraud, a directed verdict would have been proper. *Cheney v. Barber,* 144 Ga. App. 720, 721 (242 SE2d 358). A careful review of the trial transcript reveals that plaintiffs introduced sufficient evidence of each of the elements of fraud to raise a fact question for jury determination. Therefore, the trial court erred in directing a verdict for defendants on plaintiffs' fraud count.

2. Plaintiffs contend the trial court erred in directing a verdict in favor of the corporate defendant on the breach of contract claim. We agree.

The contract contained the following clause: "builder/seller, at the time of closing, shall furnish a warranty to the purchaser against all structural defects and materials for a period of one year." The trial judge held that a structural defect is "a wall, a roof, something load bearing." However, it is our opinion that a definition of "structural" should not be limited solely to the load bearing parts of a building.

Webster's Third New International Dictionary, p. 2266, defines "structural" as "of or relating to structure or a structure: . . . CONSTRUCTIONAL." Defect is defined as "an irregularity in a surface or a structure that spoils the appearance or causes weakness or failure: FAULT, FLAW." Id., p. 591. (The capitalized words are cross-references, the definitions of which are fully applicable to the word being defined.)

Considering the definitions above, we define "structural defect" as a fault or flaw in a structure, resulting from the construction

thereof, causing a weakness or failure in form or function. We find support in the language used in Seiler v. Levitz Furn. Co. (Del. Supr.) 367 A2d 999, 1006: "The defect inheres in the structure and results from the construction, whether it originated in the architect's blueprint or the builder's failure to follow that blueprint."

There was expert testimony submitted by the plaintiffs that the construction of the foundation wall did not conform to accepted practices and standards in the building industry. A reasonable finder of fact therefore could have found that the corporate defendant's failure to waterproof the foundation wall was a structural defect within the meaning of the above definition. In view of the conflicting evidence on this issue, the jury should have been allowed to decide whether such a failure was a structural defect. Code Ann. § 81A-150 (a). That being so, the grant of the corporate defendant's motion for directed verdict on plaintiff's claim in contract was also error.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

ARGUED SEPTEMBER 17, 1980 — DECIDED DECEMBER 3, 1980.

*R. Hal Meeks, Jr., Peter J. Anderson,* for appellants.
*G. Wallace Colson,* for appellees.