A91A1836. CHEROKEE INSURANCE COMPANY v. LEWIS.
(418 SE2d 616)

COOPER, Judge.
This is the third case arising from the same set of facts to appear before this court. This appeal arises from an award of a bad faith penalty and attorney fees pursuant to OCGA § 33-7-11 (j).

Thomas Lewis ("Lewis"), a garbage collector for the City of Chickamauga, was injured when a car driven by Mary Nelms ("Nelms") struck the platform on the back of a garbage truck on which Lewis was standing. An action for personal injury was filed against Nelms and the manufacturer of the garbage truck, and complaints were also served on Atlanta Casualty Company ("Atlanta"), Lewis' automobile insurance carrier, and appellant, Chicamauga's insurance carrier. In *Lewis v. Atlanta Cas. Co.*, 179 Ga. App. 185 (345 SE2d 858) (1986), an appeal from the trial court's grant of summary judgment to the truck manufacturer and Atlanta, this court held that

Lewis could stack the uninsured motorist coverage provided by Atlanta and appellant; that Atlanta would be primarily liable to Lewis in the amount of $10,000 and that appellant was also liable for $10,000. Thereafter, a jury returned a verdict for Lewis for $150,000 against Nelms. Nelms died during the pendency of the action, and after probate, $97,512.75 remained in the estate for satisfaction of the judgment.

Pursuant to OCGA § 33-7-11 (f), Atlanta and appellant asserted that they were subrogated to Lewis' rights against Nelms' estate. The administrator of the estate filed an interpleader action to require Lewis, Atlanta and appellant to interplead their claims to the estate, and all parties filed motions for summary judgment setting forth their claims to the estate. Lewis also filed claims against Atlanta and appellant pursuant to OCGA § 33-7-11 (j) for their failure to pay under their respective uninsured motorist policies. The trial court granted Lewis' motions for summary judgment for bad faith penalties and attorney fees under OCGA § 33-7-11 (j) and denied appellant's motion with respect to its claims against the estate. Appellant appealed the trial court's order, and in *Cherokee Ins. Co. v. Lewis*, 187 Ga. App. 628 (371 SE2d 103) (1988), this court reversed the trial court, determining that Lewis' demand for payment against appellant was ineffective, having been made prior to the entry of the judgment. Although this court did not specify a date when Lewis' demand for payment from appellant was made, we noted in our findings that the parties agreed that the demand was made sometime prior to the entry of the judgment on the jury's verdict. On a writ of certiorari, the Georgia Supreme Court reversed this court in *Lewis v. Cherokee Ins. Co.*, 258 Ga. 839 (375 SE2d 850) (1989). Without specifying exactly when the demand for payment was made, the court held that Lewis' demand was timely under OCGA § 33-7-11 (j); that a judgment against an uninsured motorist is not a prerequisite for a demand against an insurer; and that OCGA § 33-7-11 (j) contemplates a pre-trial demand which would encourage insurers to make good faith examinations of claims and promptly pay all valid claims. The case then returned to the trial court for an assessment of the 25 percent bad faith penalty, attorney fees and interest. After an evidentiary hearing, the trial court found that appellant's agent acknowledged that the filing of the suit constituted a demand on appellant; that appellant was bound by its agent and that no further demand was necessary. The court awarded Lewis $2,500 as a bad faith penalty, $21,000 in attorney fees and $3,600 in interest, which began accruing 60 days after service of the complaint on appellant. It is from this latest order of the trial court that appellant appeals.

1. In its first three enumerations of error, appellant contends the trial court erred in interpreting its order on Lewis' motion for sum-

mary judgment as a ruling on the merits of the bad faith claim. Appellant argues that a finding of bad faith on its part was incorrect as a matter of law because appellant was entitled to rely on the law as it allegedly existed prior to the ruling of the Supreme Court and further that Lewis waived the issue of bad faith by not presenting evidence in his motion for summary judgment demonstrating appellant's alleged bad faith. Although the trial court did not assess specific amounts for bad faith penalties and attorney fees in its order on Lewis' motion for the summary judgment, it set forth the date the judgment on the jury's verdict was entered; that appellant did not tender payment within 60 days of the judgment; and that Lewis' motion for summary judgment was granted "as respecting the bringing of an action for interest, penalties and attorney fees," reserving the assessment of the 25 percent bad faith penalty, interest and attorney fees. The trial court stated further in its order on Lewis' motion for summary judgment that it considered the argument of counsel, legal briefs and all matters properly of record in reaching its decision. The hearing on the various motions was not transcribed; therefore, there is no record of the hearing. Appellant concedes that Lewis made a claim under appellant's policy, prior to the trial, which appellant denied. Moreover, both this court and the Supreme Court found that "the trial court entered an order granting Lewis' motion for summary judgment regarding his entitlement to penalties and attorney fees under OCGA § 33-7-11 (j) against Cherokee and Atlanta Casualty." *Lewis*, supra, 258 Ga. at 840. Therefore, we conclude that the trial court did not err in interpreting its order on Lewis' motion for summary judgment to entitle Lewis to receive a bad faith penalty.

2. Appellant next enumerates as error that the award of attorney fees was contrary to the evidence. Lewis' attorney testified that he spent 209.4 hours in connection with the entirety of the issues presented in the interpleader action and Lewis' cross-claims against both appellant and Atlanta. The trial court awarded $21,000 in attorney fees.

Lewis was entitled to recover attorney fees from appellant based on the trial court's determination that appellant acted in bad faith. However, Lewis "is entitled to recover attorney fees only for that portion of the fees which are allocable to the attorney's efforts to prosecute the cause of action, against [appellant], on which the prayer for attorney fees is based. [Cits.]" *Arford v. Blalock*, 199 Ga. App. 434, 439 (10) (405 SE2d 698) (1991). While another attorney testified that the hourly rate charged by the attorney and the amount of hours expended were reasonable to comparable litigation, "[n]o evidence was presented from which the [court] could determine what portion of the total amount of attorney time and litigation expenses incurred in this . . . litigation was attributable to the particular claim against [appel-

lant]." Id. at 439-440; *Augusta Tennis Club v. Leger*, 186 Ga. App. 440 (5) (367 SE2d 263) (1988). Accordingly, the trial court is directed to strike the attorney fees.

3. Appellant contends appellee failed to establish when a demand was made on appellant for the payment of uninsured motorist benefits; therefore, the trial court erred in awarding prejudgment interest. The trial court found that appellant's agent acknowledged that the filing of the suit constituted a demand on appellant. The record contains no other document which could be interpreted as such a demand, and the Supreme Court determined that a timely demand was made by Lewis prior to trial. *Lewis*, supra, 258 Ga. at 841. We find, therefore, that the court did not err in determining that the filing of the complaint on appellant constituted Lewis' demand and in awarding prejudgment interest.

4. Appellant contends the trial court erred in computing prejudgment interest at the rate of 12 percent. We agree. Prejudgment interest should have been assessed at the legal rate of seven percent. *City of Atlanta v. Wright*, 159 Ga. App. 809 (2) (285 SE2d 250) (1981). The case shall be remanded for an assessment of a proper award of prejudgment interest.

5. Appellant contends that Lewis' claim was not liquidated until the judgment was entered against Nelms; therefore, the award of prejudgment interest from the date of service of the copy of the complaint was in error. Appellant argues that it was inappropriate for the trial court to award prejudgment interest for the period of time before appellant's obligation to Lewis was established. The Supreme Court held that "an insurer is required to pay a valid claim within 60 days of its being made." *Lewis*, supra, 258 Ga. at 840. Thus, the obligation to Lewis arose at Lewis' demand. In *Lewis*, supra, 179 Ga. App. at 187, this court determined that appellant was liable in the amount of $10,000 in uninsured motorist coverage. Accordingly, the trial court did not err in its award.

6. Finally, appellant enumerates as error the award to Lewis of attorney fees and costs incurred by Nelms' administrator in bringing the action. Appellant contends that OCGA § 23-3-90 does not authorize the payment of such costs to Lewis. We disagree. The trial court had already allowed the administrator to recover her costs from the fund deposited in the court. Since OCGA § 23-3-90 allows the court, in its discretion, to determine the amount of such costs and make awards against parties in the interpleader action, the trial court did not err in taxing the costs against appellant and in favor of Lewis, the prevailing party.

*Judgment affirmed in part and reversed in part, with direction. Birdsong, P. J., and Pope, J., concur.*

DECIDED APRIL 3, 1992 —
RECONSIDERATION DENIED MAY 5, 1992 —

*Alderman, Green & Hamby, Brady D. Green,* for appellant.
*Gleason, Davis & Dunn, John W. Davis, Jr.,* for appellee.