### A01A0163. NUNLEY et al. v. NUNLEY.
(546 SE2d 330)

BLACKBURN, Chief Judge.

In this partnership dispute regarding the operation of a hen farm, the plaintiffs, Ruben Nunley and R. L. Payne, appeal the trial court's grant of defendant Steve Nunley's motion for directed verdict based on the plaintiffs' failure to introduce evidence of damages. On appeal, the plaintiffs contend that sufficient evidence was presented from which the jury could determine the amount of damages. For the reasons set forth below, we affirm the trial court.

> A directed verdict is proper only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. OCGA § 9-11-50 (a). In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. The standard used to review the grant or denial of a directed verdict is the any evidence test.

*Evans Timber Co. v. Central of Ga. R. Co.*[1]

In the present case, Ruben Nunley approached his nephew, Steve Nunley, about forming a partnership to operate a hen farm. The parties orally agreed that Steve Nunley would provide the start-

---

[5] *Goldgar v. North Fulton Realty Co.*, 106 Ga. App. 459 (127 SE2d 189) (1962).
[1] *Evans Timber Co. v. Central of Ga. R. Co.*, 239 Ga. App. 262 (1) (519 SE2d 706) (1999).

up capital and the plaintiffs would manage and maintain the farm. The parties agreed to use all profits to pay off the mortgage entirely before the partners would realize any return on their investment.[2] The partners got into a dispute over the terms of a proposed written partnership agreement, and the plaintiffs quit working the farm. The mortgage was not paid off, and, in fact, the farm had never produced enough income to make the yearly required payments on the mortgage.

The plaintiffs testified that they both worked on the farm for three years without any remuneration. The plaintiffs contend that they were entitled to their part of the partnership assets plus damages. However, the plaintiffs failed to present any evidence of the partnership's accounting records, income tax returns, or capital contributions and expenses. Essentially, the only evidence before the jury indicated that the partnership never made a profit to be distributed. Furthermore, the plaintiffs were not entitled to recover under quantum meruit for the value of their services. See *Kwickie/Flash Foods v. Lakeside Petroleum*[3] (recovery in quantum meruit is not authorized when the claim is based upon an express contract). See also OCGA § 14-8-18 (6).

In essence, the plaintiffs failed to present any evidence from which the jury could determine whether the partnership held any assets after the discharge of its liabilities. These facts were necessary pursuant to OCGA § 14-8-38 (a) and the terms of the partnership agreement. Although some financial evidence was referenced, no evidence was introduced showing the financial status of the partnership. "[T]he mere existence of conflicts in the evidence does not render a directed verdict erroneous if it was demanded either from proof or lack of proof on the controlling issues in the case." *Sheldon v. Ramey Builders.*[4] The trial court properly granted the defendant's motion for directed verdict because the plaintiffs failed to present any evidence from which the jury could determine the remaining assets in the partnership in order to assess damages.

---

[2] The agreement provided the following terms: (1) Steve Nunley provided the capital for the down payment and obtained financing for the balance of the purchase price on a hen farm; (2) the plaintiffs were to manage the farm and to perform the necessary repairs to keep the farm at an acceptable standard; (3) all income produced on the farm was to be applied to the mortgage; (4) when the mortgage was paid off, three options were to be considered: (a) one party would sell the other party their share of the farm at a mutually agreeable price; (b) the farm would be sold for the highest price, and the proceeds would be divided after returning the down payment amount to Steve Nunley with 50 percent to Steve Nunley and 25 percent each to the plaintiffs; or (c) the parties would continue to operate the farm with the profits paying back the down payment to Steve Nunley then being split 50 percent to Steve Nunley and 25 percent to each plaintiff.

[3] *Kwickie/Flash Foods v. Lakeside Petroleum*, 246 Ga. App. 729 (541 SE2d 699) (2000).

[4] *Sheldon v. Ramey Builders*, 156 Ga. App. 670, 671 (1) (275 SE2d 743) (1980).

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 22, 2001.

*George J. Thomas II*, for appellants.
*Johnson & Ward, John C. Dabney, Jr.*, for appellee.