## A05A0209. ROBERT E. CANTY BUILDING CONTRACTORS, INC. v. GARRETT MACHINE & CONSTRUCTION, INC.

(608 SE2d 280)

ELDRIDGE, Judge.

This is an appeal from the denial of a motion for new trial upon the judgment entered by the State Court of Bulloch County on a jury verdict for general contractor, appellee-plaintiff Garrett Machine & Construction, Inc. ("Garrett Machine"), and against subcontractor, appellant-defendant Robert E. Canty Building Contractors, Inc. ("CBC"). By the underlying action seeking damages and OCGA § 13-6-11 attorney fees, Garrett Machine claimed breach of an oral contract to erect the cinder block walls of a new restaurant which it had contracted to build for Shellhouse in Statesboro. CBC timely answered and counterclaimed for the work it had completed on the project. At trial, the state court denied CBC's motion for a directed verdict as to special damages or in the alternative for a partial directed verdict as to OCGA § 13-6-11 attorney fees. Following the close of the evidence, the argument of counsel, and the state court's charge, the jury returned its verdict awarding Garrett Machine special damages in the amount of $40,480 and $7,000 in OCGA § 13-6-11 attorney fees. Garrett Machine's claims for damages and attorney fees in the trial court were $84,068 and $13,707.39, respectively.

CBC appeals, contending that the state court erred in denying its motion for a directed verdict and arguing that Garrett Machine had failed to prove its damages for no evidence of the fair market value of the corrective masonry work it contracted for after requiring CBC to leave the job site and that Garrett Machine was not a proper party as to "some" of the damages it claimed. Further, CBC contends that the state court erred in denying it a partial directed verdict upon the jury's award of OCGA § 13-6-11 attorney fees in that these were not based upon evidence of bad faith and could not be attributed solely to the damages claims on which Garrett Machine prevailed.

1. No error obtained upon the state court's denial of CBC's motion for a directed verdict upon Garrett Machine's claim for special damages, the verdict of the jury and the state court's judgment thereon as supported by some evidence of record.

A directed verdict is proper only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. The standard used to review the grant or denial of a directed verdict is the any evidence test. (Citations omitted.) *Nunley v. Nunley*, 248 Ga. App. 208 (546 SE2d 330) (2001).

*Habel v. Tavormina*, 266 Ga. App. 613, 615 (1) (597 SE2d 645) (2004). "The question before this court is not whether the verdict and the judgment of the trial court were merely authorized, but is whether a contrary judgment was demanded." *Pulte Home Corp. v. Woodland Nursery &c.*, 230 Ga. App. 455, 456 (2) (496 SE2d 546) (1998); *Singleton v. Terry*, 262 Ga. App. 151, 155 (3) (584 SE2d 613) (2003); see also OCGA § 9-11-50 (a).

In its suit for breach of contract to construct the masonry walls in issue, Garrett Machine sought damages for repairs and restoration as follows: (a) $22,750 for a new mason; (b) $12,818 for new cinder blocks and materials; (c) $2,800 for removal of the damaged wall; and (d) additional costs for equipment, overhead, and labor in the amounts of $12,180, $15,120, and $18,400, respectively. At trial, Garrett Machine's project manager and sole witness as to damages on cross-examination testified that the damages Garrett Machine sought for a new mason and to purchase new building materials represented Garrett Machine's out-of-pocket expenses in each category. However, his testimony otherwise indicated that Shellhouse had reimbursed Garrett Machine as to its remaining damages, this upon invoices submitted by Garrett Machine.

Insofar as Garrett Machine alleges damages not suffered in fact, " '[t]he rule of law that no person can bring an action until he has been actually damaged is applicable. . . .' *Terrell v. Stevenson*, 97 Ga. 570, 572 (25 SE 252) [(1895)]." *Carr v. Jacuzzi Bros., Inc.*, 133 Ga. App. 70, 73 (3) (210 SE2d 16) (1974); see also *Nat. Refrigerator &c. Co. v. Parmalee*, 9 Ga. App. 725 (72 SE 191) (1911) ("Whenever one party to a case claims special damages against the other, he has the burden not only of showing that he has been damaged as alleged, but also of furnishing to the jury data sufficient to enable them to estimate with reasonable certainty the amount of the damages."). Garrett Machine's damages as associated with the costs of a new mason and new building materials totaling $45,568 were proven with sufficient specificity to enable the jury to reach a conclusion thereon without resort to speculation or guesswork. *Carr v. Jacuzzi Bros.*, supra; *Nat.*

*Refrigerator &c. Co. v. Parmalee,* supra. Thus there was some evidence of Garrett Machine's special damages.

CBC correctly points out that Garrett Machine tendered no evidence of the fair market value of the structure at the time of the breach. "The general rule for the measure of damages involving real property is the diminution of the fair market value of the property and/or the cost of repair or restoration, but limited by the fair market value at the time of the breach or tort. [Cit.]" *Ryland Group v. Daley,* 245 Ga. App. 496, 502 (7) (537 SE2d 732) (2000). However, we have also held that " 'in a suit for breach of contract to construct, the proper measure of damages is the cost to the plaintiff to correct the defects in workmanship.' " *Coursey Bldg. Assoc. v. Baker,* 165 Ga. App. 521, 524 (7) (301 SE2d 688) (1983), citing *Mabry v. Henley,* 123 Ga. App. 561, 567 (2) (181 SE2d 884) (1971). Not inconsistent with the foregoing, the state court charged the jury that it should award damages "in an amount that will place the [injured] party[,] as near as it may be[,] in a situation the party would have occupied if the wrong had not been committed." See *Ga. Power & Light Co. v. Fruit Growers Express Co.,* 55 Ga. App. 520, 521 (2) (190 SE 669) (1937). This the jury did, awarding Garrett Machine special damages in an amount fairly within the range of its proof thereof, $40,480 versus $45,568, respectively.

Under these circumstances, no error obtained upon the state court's denial of CBC's motion for a directed verdict.

2. CBC also contends that the state court erred in denying its motion for a partial directed verdict as to the jury's award of OCGA § 13-6-11 attorney fees to Garrett Machine, arguing no evidence showing its bad faith and such attorney fees as not solely attributed to Garrett Machine's special damages. We disagree.

> If there is bad faith in the making *or performance* under the contract, attorney fees are authorized regardless of whether a bona fide controversy otherwise existed between the parties. Further, whether or not the defendant/appellant acted in bad faith in its contractual relations is an issue for the jury to determine. Bad faith warranting an award of attorney fees must have arisen out of the transaction on which the cause of action is predicated. It may be found in defendant's carrying out the provisions of the contract, that is, in how the defendant acted in his dealing with the plaintiff.

(Citations and punctuation omitted; emphasis in original.) *Ryland*

*Group v. Daley*, supra at 499-500 (3). The standard of review applicable to an award of OCGA § 13-6-11 attorney fees, like that governing the grant or denial of a motion for a directed verdict, is the any evidence test. Id.

Construed to support the verdict, the evidence at trial showed that CBC's work was unacceptable; that, warned of the deficiencies associated with its work, CBC promised to make corrections on Labor Day but failed to do so; and that CBC thereafter neither returned Garrett Machine's telephone calls nor returned to the job site for two weeks. This evidence constitutes a sufficient basis upon which the jury could determine that CBC acted in bad faith in dealing with Garrett Machine under the contract and in performing under the provisions of such contract. *Ryland Group v. Daley*, supra at 500 (3). Finally, that the verdict of the jury was based on a single claim, CBC's argument to the contrary notwithstanding, no issue arises as to whether the jury's award of attorney fees was not attributable solely to the claim on which Garrett Machine prevailed. See *United Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 147 (2) (475 SE2d 601) (1996) ("A prerequisite to any award of attorney fees under OCGA § 13-6-11 is the award of damages or other relief on the underlying claim.").

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED DECEMBER 1, 2004 —
RECONSIDERATION DENIED DECEMBER 13, 2004 — 

*Barrow & Ballew, Walter W. Ballew III*, for appellant.
*Franklin, Taulbee, Rushing, Snipes & Marsh, William K. McGowan*, for appellee.