**SECOND DIVISION**
**ANDREWS, P. J.**
**BRANCH and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 28, 2016**

# In the Court of Appeals of Georgia

A15A1655. DELPHI COMMUNICATIONS INC. et al. v. RI-038 ADVANCED COMPUTING TECHNOLOGIES INC.

RICKMAN, Judge.

Brent Seyler and Sergey Alexandrov left their employment with Advanced Computing Technologies, Inc. ("ACT"), a software design company. They began working at Delphi Communications, Inc., a company that Seyler incorporated upon his resignation from ACT. Subsequently, ACT filed a complaint against Seyler, Alexandrov, and Delphi, alleging multiple claims for recovery of damages. In essence, ACT alleged that Appellants improperly solicited and stole away ACT customers , and copied ACT software products without authority or consent. Finding spoliation of evidence, the trial court struck the answer filed by Seyler, Alexandrov, and Delphi, and entered a default judgment as to one of ACT's claims – computer

theft/computer trespass – and a jury trial proceeded regarding damages to be awarded on that claim. The jury awarded ACT nominal damages and attorney fees pursuant to OCGA § 13-6-11.

On appeal, Seyler, Alexandrov, and Delphi challenge the trial court's ruling striking their answer to ACT's complaint on the ground that spoliation of evidence occurred. Seyler, Alexandrov, and Delphi also contend that the trial court erred by denying their motion for a partial directed verdict and/or motion for partial judgment notwithstanding the verdict because ACT failed to present evidence from which a jury could determine what portion of the total amount of attorney time and litigation expenses incurred in this litigation was attributable to the particular claim upon which ACT had prevailed. For the reasons that follow, we affirm the trial court's judgment striking Appellants' answer, and we reverse the judgment denying their motion for a partial directed verdict and/or motion for partial judgment notwithstanding the verdict.

1. Appellants Seyler, Alexandrov, and Delphi challenge the trial court's ruling striking their answer to ACT's complaint on the ground that spoliation of evidence occurred by their failure to preserve the hard drives of their computers in the state of existence as of the filing of the complaint in this case. Appellants argue that the trial

court erred in finding that spoliation occurred because: (a) Appellants had no affirmative duty to preserve the images of their hard drives as of the filing of the complaint; (b) mirror images of the hard drives never existed, and it was not within Appellants' power or reach to create mirror images of the hard drives; and (c) ACT was not harmed by the absence of the hard drive evidence. Appellants also contend that the trial court abused its discretion by failing to tailor the sanction imposed.

"In matters involving discovery disputes, trial judges have broad discretion in controlling discovery, including the imposition of sanctions, and this Court will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion." (Punctuation and footnote omitted.) *Mincey v. Ga. Dept. of Community Affairs*, 308 Ga. App. 740, 747 (2) (708 SE2d 644) (2011). "[A] trial court has wide discretion in adjudicating spoliation issues, and such discretion will not be disturbed absent abuse." (Citation omitted.) *Phillips v. Harmon*, 297 Ga. 386, 397 (II) (774 SE2d 596) (2015).

(a) Appellants contend that the trial court erred in finding that spoliation occurred because they had no affirmative duty to preserve the images of their hard drives as of the filing of the complaint. Specifically, Appellants assert that none of

3

the court orders or discovery requests placed on them an affirmative duty to make mirror images of their computer hard drives as of the filing of the complaint.

"The term 'spoliation' is used to refer to the destruction or *failure to preserve* evidence that is relevant to contemplated or pending litigation. Such conduct may give rise to the rebuttable presumption that the evidence would have been harmful to the spoliator." (Citations, punctuation, and footnote omitted; emphasis supplied.) *Phillips*, 297 Ga. at 393-394 (II); see *Baxley v. Hakiel Industries, Inc.*, 282 Ga. 312, 313 (647 SE2d 29) (2007); OCGA § 24-14-22. "However, in order for the injured party to pursue a remedy for spoliation, the spoliating party must have been under a duty to preserve the evidence at issue." (Citation omitted.) *Phillips*, 297 Ga. at 394 (II). "As to the . . . defendant, the duty arises when it knows or reasonably should know that the injured party, the plaintiff, is in fact contemplating litigation, which the cases often refer to in terms of 'notice' to the defendant." (Citations and punctuation omitted.) *Phillips*, 297 Ga. at 396 (II).

In this case, Appellants knew that they had an affirmative duty to preserve the images of their hard drives as of the filing of the complaint. Appellants were experienced in computer software design, and within one day after ACT filed suit, Appellants were aware of the litigation. The litigation included allegations that they

4

copied and stole computer software products from their former employer, and that the relief ACT prayed for was, inter alia, that "all hard drives belonging to the Defendants be imaged immediately, and that said images be held by [a] Special Master for examination[.]" Notwithstanding Appellants' knowledge of the allegations of the complaint and of the foregoing prayer for relief, they failed to preserve a copy of their hard drives to show the existence or nonexistence of any copying of software around the time of the filing of the complaint in this case.

And contrary to Appellants' assertions, the temporary restraining order ("TRO") that the trial court entered the same day the complaint was filed, was sufficient to put them on notice that the state of existence of their hard drives as of the filing of the complaint was at issue. The TRO expressly prohibited Appellants from "destroying, deleting or removing from any computers any data or software before the hard drives of each computer are imaged for inspection and analysis by a special master[.]" Additionally, in discovery requests ACT propounded to Appellants in April 2011, ACT sought "[a] mirror image copy of any electronic storage device, either personal or business, including but not limited to hard drives, solid state drives, and USB drives from each computer, either personal or business." Therefore, there is no merit to Appellants' claim that they did not know they had an affirmative duty

to preserve the images of their hard drives as of the filing of the complaint. See generally *Baxley*, 282 Ga. at 314 (in dram shop lawsuit, "because [tavern's] manager was aware of the potential for litigation and failed to preserve whatever videotaped evidence may have been captured as to whether [the customer] would soon be driving, a rebuttable presumption arose against [the tavern]"); *The Kroger Co. v. Walters*, 319 Ga. App. 52-56 (1) (a), (b) (735 SE2d 99) (2012) (in slip-and-fall case, where patron was limping after he fell down, told co-manager of store within two weeks of the fall that he had an appointment with a doctor, and days later told the co-manager that he was having back and legs problems since the fall and needed help with his medical bills, trial court's finding that store had destroyed a video recording from the date and time of the incident by not preserving it was affirmed); *Sentry Select Ins. Co. v. Treadwell*, 318 Ga. App. 844-846 (1), 847 (2) (b) (734 SE2d 818) (2012) (in personal injury case, where evidence showed that shortly after the collision occurred the defendants were aware of contemplated litigation based on a letter from the plaintiffs' attorney, their own investigation, and their knowledge that all collisions of the kind which occurred resulted in claims, trial court's finding of spoliation of evidence was affirmed; testimony showed that dispatch records generated from an

electronic, satellite-based system and maintained in a computer database were purged from the system).

(b) Appellants fail to support their blanket assertions that mirror images of their hard drives never existed, and that it was not within their power or reach to create mirror images of their hard drives. Instead, they offer mere speculation that the third-party provider from which Delphi had leased virtual server space *may* have had a policy that made it difficult to copy the mirror image of a hard drive. The special master who was appointed to establish whether any copying had taken place between the two companies, testified as to how Appellants could have copied a mirror image of their "virtual hard drive[s]." Compare *Sentry Select Ins. Co.*, 318 Ga. App. at 847-848 (2) (c) (where plaintiff cited no evidence showing that the allegedly destroyed material information was ever available, and defendants provided expert testimony showing that such data had never existed, the trial court erred in finding that defendants destroyed the information).

(c) We find no merit in Appellants' contention that the trial court erred in finding that spoliation occurred because ACT was not harmed by the absence of the hard drive evidence.

7

The special master testified that ACT provided him with a hard drive and a "complete copy of the server" from the time frame of the filing of the complaint, in April 2011; and Appellants provided "raw information on [a] CD." The special master testified that it was hard to establish the time frame from which the information on the CD was derived, but that it appeared as though the information was generated in February 2012. The special master testified that to compare the hard drive and server ACT provided to the CDs Appellants provided would be like comparing "apples and oranges," and that he could not make a meaningful comparison of the computers given that the information each side provided did not come "from the same time frame."

A meaningful link between ACT's computer theft/computer trespass claim against Appellants and the spoliation existed, as a mirror image of Appellants' hard drives from the time frame of the filing of the complaint could have revealed evidence relevant to the critical issue of whether the software on Appellants' computers were copied from ACT's computers. See generally *Baxley,* 282 Ga. at 313-314.

Appellants also argue that the trial court erred in finding that ACT was harmed, given that the alleged theft occurred in April 2010 – soon after Seyler stopped working for ACT and incorporated Delphi – and it is "undisputed in this matter that

8

there are no mirror images of any data, hard drives or servers from April 2010 from either party to the litigation." But even assuming that neither party made mirror images of data, hard drives or servers from April 2010, Appellants failed to point to any evidence demonstrating that the state of existence of the hard drives in April 2011 was not relevant to ACT's computer theft/computer trespass claim. Appellant's argument also ignores the very nature of digital evidence and computer data.

(d) Appellants contend that the trial court abused its discretion by failing to tailor the sanction imposed.

Appellants reiterate their prior arguments as to why they contend no spoliation occurred. For the same reasons we rejected Appellants' arguments above, we reject them here. They also assert that the trial court made "no finding . . . that there was any willful misconduct" on their part in this matter. But the trial court clearly made a finding that Appellants' failure to "preserve the hard drives of their computers as of April 2011" was "wilful."

Appellants further assert that the trial court abused its discretion in striking their answers in their entirety, without undertaking any analysis as to the impact of the alleged spoliation upon the various claim(s) alleged in the complaint. Given that

9

most of the claims, including the claim for computer theft/computer trespass upon which ACT proceeded to trial, shared as a basis allegations of Appellants' unauthorized copying of ACT's software, there is no merit to this argument. Appellants failed to preserve evidence that was clearly relevant to pending litigation, and the trial court did not abuse its discretion in adjudicating the spoliation issue in this case and in striking the Appellants' answer. See generally *The Kroger Co.*, 319 Ga. App. at 52 (1), 55-57 (1) (a), (b).

2. Appellants contend that the trial court erred by denying their motion for a partial directed verdict and/or motion for partial judgment notwithstanding the verdict because ACT failed to present evidence from which a jury could determine what portion of the total amount of attorney time and litigation expenses incurred in this litigation was attributable to the particular claim upon which ACT had prevailed. We agree.

"The standard of review applicable to an award of OCGA § 13-6-11 attorney fees, like that governing the grant or denial of a motion for a directed verdict, is the any evidence test." (Citation omitted.) *Robert E. Canty Bldg. Contractors, Inc. v. Garrett Machine & Construction, Inc.*, 270 Ga. App. 871, 874 (2) (608 SE2d 280) (2004). This same standard of appellate review is to be applied in the situation of the

10

denial of a motion for a judgment notwithstanding the verdict. See *Patterson-Fowlkes v. Chancey*, 291 Ga. 601, 602 (732 SE2d 252) (2012).

ACT alleged in its complaint (and amended complaint) multiple theories of recovery including, inter alia, computer theft/computer trespass, breach of fiduciary duty, misappropriation of trade secrets, tortious interference with business relations, tortious interference with contractual relations, and violation of the Uniform Deceptive Trade Practices Act. Appellants filed a motion for partial summary judgment and a brief in support thereof, and ACT submitted a response brief; supplemental summary judgment briefs were submitted by the parties.

In the interim, ACT moved to strike Appellants' answer due to spoliation of evidence; the trial court granted the motion. Subsequently, ACT moved for a default judgment on all claims; the trial court denied the motion for default judgment except as to the computer theft/computer trespass claim.[1] Four months later, on the morning Appellants' summary judgment motion was scheduled for argument, ACT voluntarily dismissed the claims set forth above, except the computer theft/computer trespass claim. Thereafter, ACT proceeded to a jury trial seeking to recover damages and

[1] The trial court ordered that it would reserve ruling on a claim for permanent injunctive relief, a claim for accounting would be addressed through discovery, and a claim for punitive damages would be reserved for the trier of fact.

11

attorney fees[2] regarding only the computer theft/computer trespass claim. Prior to trial, the court cautioned ACT, "there is only one count that survives at this point, that any attorneys' fee claim would have to do with that one count." ACT's counsel replied, "I would agree. I am fine with that, Your Honor."

"It is well-settled that an award of attorney fees is to be determined upon evidence of the reasonable value of the professional services which underlie the claim for attorney fees." (Citation and footnote omitted.) *Patton v. Turnage*, 260 Ga. App. 744, 748 (2) (580 SE2d 604) (2003); *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 403 (1) (433 SE2d 606) (1993) (same); see *D. G. Jenkins Homes, Inc. v. Wood*, 261 Ga. App. 322, 326 (3) (582 SE2d 478) (2003) ("attorney fees should be . . . limited to work on the . . . prevailing . . . claims"); *Cherokee Ins. Co. v. Lewis*, 204 Ga. App. 152, 154 (2) (418 SE2d 616) (1992) (personal injury claimant "is entitled to recover attorney fees only for that portion of the fees which are allocable

---

[2] See *Ga. Dept. of Corrections v. Couch*, 295 Ga. 469, 475 (2) (a) (759 SE2d 804) (2014) ("OCGA § 13-6-11 expressly makes its litigation expenses 'part of the damages' to be awarded by the jury"); OCGA § 13-6-11 ("The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.").

to the attorney's efforts to prosecute the cause of action, against [insurer of claimant's employer], on which the prayer for attorney fees is based").

Notwithstanding that ACT's counsel expressly acknowledged that attorney fees could be awarded regarding work performed on only the computer theft/computer trespass claim, ACT "proved the lump amount of fees and expenses incurred to work on all . . . counts of the complaint[.]" *United Co. Lending Corp. v. Peacock*, 267 Ga. 145, 147 (2) (475 SE2d 601) (1996). ACT's attorney introduced at trial a "slip listing," i.e., a printout from his billing program for all the time his firm had invested in the case. Counsel testified that from the total cost shown on the slip listing, only fees for appellate work and for work on summary judgment responses should be subtracted. But on the slip listing there were several other entries, including entries reflecting research conducted on other claims, for which Appellants were unable to show that the expenses were incurred in prosecuting solely the computer theft/computer trespass claim. Indeed, ACT's counsel testified that his firm did not itemize their bills by claim; he explained that "we just try to give the client enough information that they understood what they are being billed for."

The evidence presented was insufficient to permit a trier of fact to determine what portion of the total amount of attorney time and litigation expenses incurred in

this litigation was attributable to only the computer theft/computer trespass claim against Appellants. "Because [ACT] did not prove the amount of attorney fees attributable solely to the claim in which they prevailed, we hereby reverse the award." *United Co. Lending Corp.*, 267 Ga. at 147 (2); see *Cherokee Ins. Co.,* 204 Ga. App. at 154-155 (2).

   *Judgment affirmed in part and reversed in part. Andrews, P. J., and Branch, J., concur*.